John J. Atallah (CA Bar No. 294116)
Foley & Lardner LLP
555 S Flower St
Suite 3300
Los Angeles, CA  90071-2411
Telephone:  213.972.4500
Facsimile:  213.486.0065
Email:  jatallah@foley.com
Attorney for Defendant
EPIC SYSTEMS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PATTERSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UVA HEALTH, EPIC SYSTEMS CORPORATION, HEALTH GORILLA, AND MAMMOTH PATH SOLUTION, LLC,<br><br>Defendants. | Case No. 2:26-cv-01938-PA-E<br><br>**DEFENDANT EPIC SYSTEMS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT on July 13, 2026** at **1:30 P.M.** or as soon thereafter as the matter may be heard, in the courtroom of Judge Percy Anderson at the United States District Court for the Central District of California, Courtroom 9A, 9th Floor, First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, California

Foley & Lardner LLP
Attorneys at Law
Madison

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

- i -

90012, Defendant Epic Systems Corporation ("Epic") will and hereby does move this Court for an order dismissing the Complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. Epic's Motion (the "Motion") is made on the following grounds:

1.    The Court lacks personal jurisdiction over Epic. The Court lacks general personal jurisdiction over Epic because Epic, a company incorporated in Wisconsin with its principal place of business in Wisconsin, is not "at home" in California. The Court lacks specific personal jurisdiction over Epic because the alleged conduct supporting Plaintiff's claims occurred outside California and bears no causal connection to any forum-related activity by Epic.

2.    Plaintiff lacks Article III standing to pursue injunctive or declaratory relief against Epic because, at a minimum, Plaintiff does not plausibly allege harms fairly traceable to Epic's conduct.

3.    Plaintiff's negligence claim (Count I) also fails as a matter of law because it is not premised on legally cognizable injuries and is based on alleged third-party conduct rather than any actionable negligence by Epic.

4.    Plaintiff's breach of implied contract claim (Count II) also fails as a matter of law because Plaintiff has not alleged facts establishing the existence of an implied contract with Epic nor any legally cognizable damages resulting from Epic's alleged breach.

5.    Plaintiff's claim for breach of the implied covenant of good faith and fair dealing (Count III) also fails as a matter of law because Plaintiff has not plausibly alleged the existence or breach of an underlying contract with Epic. The claim further fails because it is duplicative of Plaintiff's deficient implied-contract claim.

Pursuant to Local Rule 7-3 and this Court's Civil Standing Order, counsel for Epic met and conferred with counsel for Plaintiff in a good-faith effort to resolve the issues raised in this Motion without Court intervention, but the parties were unable to do so.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- ii -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such further matters as may be presented at the hearing.

Dated: May 26, 2026

**FOLEY & LARDNER LLP**

*/s/ John J. Atallah*
John J. Atallah (CA Bar No. 294116)
Foley & Lardner LLP
555 S Flower St
Suite 3300
Los Angeles, CA  90071-2411
Phone:  213.972.4500
Fax:  213.486.0065
Email:  jatallah@foley.com

Michael D. Leffel (WI Bar No. 1032238) (*pro hac vice* application forthcoming)
Eric J. Hatchell (WI Bar No. 1082542) (*pro hac vice* application forthcoming)
Amber R. Quinlan Willette (WI Bar No. 1144563) (*pro hac vice* application forthcoming)
Foley & Lardner LLP
150 E. Gilman Street, Suite 5000
Madison, WI 53703-1482
(P) 608.257.5035
(F) 608.258.4258
ehatchell@foley.com
mleffel@foley.com
amber.quinlanwillette@foley.com

*Attorneys for Defendant Epic Systems Corporation*

Foley & Lardner LLP
Attorneys at Law
Madison

- iii -

MOTION TO DISMISS CLASS ACTION COMPLAINT
2:26-CV-01938-PA-E

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................iv

TABLE OF AUTHORITIES ....................................................................................vi

INTRODUCTION ......................................................................................................1

BACKGROUND .........................................................................................................2

I.     The Parties. ......................................................................................................2

II.    The Role of Interoperability Frameworks and the Process For Requesting Health Records. ..............................................................................................3

III.   The Alleged Access to Plaintiff's Medical Records. ......................................5

IV.    Plaintiff's Theory Against Epic. .....................................................................5

V.     Plaintiff's Alleged Injuries. ............................................................................6

LEGAL STANDARD .................................................................................................6

ARGUMENT ..............................................................................................................8

I.     Epic Must Be Dismissed For Lack of Personal Jurisdiction. ..........................8

       A. Plaintiff Fails to Allege Facts Sufficient to Establish General Jurisdiction Over Epic in California. ..........................................................9

       B. Plaintiff Fails to Allege Facts Sufficient to Establish Specific Jurisdiction Over Epic in California. ........................................................10

II.    Epic Must Be Dismissed Because Plaintiff Lacks Article III Standing. ...........12

       A. Plaintiff Fails to Allege Harm That is Fairly Traceable to Epic's Conduct. 12

       B. Plaintiff Fails to Allege Any Injury Redressable by a Favorable Decision Against Epic. ............................................................................13

III.   Epic Must Be Dismissed Because Plaintiff Fails to State a Claim For Any of His Three Causes of Action. ..........................................................................14

       A. Plaintiff's Breach of Implied Contract Claim (Count II) Fails. ....................14

1. Plaintiff Does Not Allege a Contractual Relationship. ...........................14

2. Plaintiff Fails to Identify Any Specific, Enforceable Promise. ...............15

B. Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Deailing Claim (Count III) Fails....................................................................16

C. Plaintiff's Negligence Claim (Count I) Fails. .................................................18

1. Plaintiff Does Not Plausibly Allege a Cognizable Duty Owed by Epic. 18

2. Plaintiff Fails to Allege Proximate Causation. .......................................19

CONCLUSION........................................................................................................19

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- v -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...........................................................................................7, 8

*Aton Ctr., Inc. v. United Healthcare Ins. Co.*,
 93 Cal. App. 5th 1214 (2023) ...............................................................................14

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)...........................................................................................7, 8

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
 582 U.S. 255 (2017)....................................................................................8, 10, 11

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
 222 Cal. App. 3d 1371 (1990) ...............................................................................18

*Carlson v. Coca-Cola Co.*,
 483 F.2d 279 (9th Cir. 1973) .................................................................................17

*Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
 2 Cal. 4th 342 (1992) ......................................................................................16, 17

*Charles E. Brauer Co. v. NationsBank of Va., N.A.*,
 251 Va. 28 (1996) ................................................................................................17

*Claridge v. RockYou, Inc.*,
 785 F. Supp. 2d 855 (N.D. Cal. 2011)....................................................................18

*Cox v. CoinMarketCap OPCO, LLC*,
 112 F.4th 822 (9th Cir. 2024) ...............................................................................11

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014)...........................................................................................8, 9

*Doe v. Unocal Corp.*,
 248 F.3d 915 (9th Cir. 2001) ..............................................................................6, 7

*Fernandez v. Leidos, Inc.*,
 127 F. Supp. 3d 1078 (E.D. Cal. 2015)..................................................................13

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- vi -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011).............................................................................................9

*Greenstein v. Noblr Reciprocal Exch.*,
585 F. Supp. 3d 1220 (N.D. Cal. 2022).............................................................13

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022).............................................................14

*In re Accellion, Inc. Data Breach Litig.*,
713 F. Supp. 3d 623 (N.D. Cal. 2024)...............................................................18

*In re Ambry Genetics Data Breach Litig.*,
567 F. Supp. 3d 1130 (C.D. Cal. 2021).............................................................14

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .............................................................................16

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012) ...............................................................19

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)..............................................................................................8

*Khoja v. Orexigen Therapeutics*, Inc.,
899 F.3d 988 (9th Cir. 2018) ...............................................................................2

*Kobus v. Procter & Gamble Co.*,
817 F. Supp. 3d 835 (N.D. Cal. 2026)...............................................................10

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)..................................................................................12, 13, 14

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ..............................................................................9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ....................................................................6, 7, 10

*Sher v. Johnson*,
911 F.2d 1357 (9th Cir. 1990) ..............................................................................8

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

*Simon v. E. Kentucky Welfare Rts. Org.*,
  426 U.S. 26 (1976)..................................................................................................7

*Spectra 4, LLP v. Uniwest Commercial Realty, Inc.*,
  290 Va. 36 (2015) ...............................................................................................15

*Stoney Glen, LLC v. S. Bank & Tr. Co.*,
  944 F. Supp. 2d 460 (E.D. Va. 2013) ................................................................16

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ...............................................................................2

*Walden v. Fiore*,
  571 U.S. 277 (2014)........................................................................................8, 11

*Ward's Equip., Inc. v. New Holland N. Am., Inc.*,
  254 Va. 379 (1997).............................................................................................17

*Webb v. Smart Document Sols., LLC*,
  499 F.3d 1078 (9th Cir. 2007) ...........................................................................17

*White v. United Network for Organ Sharing*,
  2025 WL 2656044 (E.D. Va. Sept. 16, 2025) .............................................18, 19

**Statutes**

Cal. Civ. Proc. Code § 410.10 ..................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(1) .......................................................................................ii, 7

Fed. R. Civ. P. 12(b)(2) ................................................................................ii, 6, 10

Fed. R. Civ. P.12(b)(6).....................................................................................ii, 1, 7

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

## INTRODUCTION

This case arises from allegations that bad actors—not Defendant Epic Systems Corporation ("Epic")—improperly accessed patient medical records by falsely claiming they were doing so for "treatment purposes." Plaintiff Steven Patterson ("Plaintiff"), a Virginia resident, alleges that his medical records, created in connection with treatment by a Virginia hospital, were accessed by Defendant Health Gorilla and/or its clients under false pretenses. He further alleges that Epic, a health information software company incorporated and headquartered in Wisconsin, failed to prevent that purported third-party access.

As Plaintiff's allegations—and the related action Epic filed against Health Gorilla, upon which Plaintiff relies to establish his claims—make clear, Epic's role vis-á-vis Plaintiff is extremely limited, at best. Epic did not provide healthcare to Plaintiff, did not store or control his medical records, and is not alleged to have accessed, disclosed, or sold his information. Instead, Epic develops electronic health record software that enables healthcare providers to record and exchange patient records for legitimate purposes, including treatment. *Epic* does not maintain or control patient records; Epic's customers do. Not only does the Complaint fail to allege facts tying his alleged injury to Epic at all, but certainly not to any conduct by Epic within California.

As set forth below, Plaintiff's claims against Epic fail for at least three independent reasons. First, Plaintiff cannot establish personal jurisdiction over Epic in this forum. He has not alleged any conduct by Epic in California related to his alleged injuries. Second, Plaintiff fails to allege a traceable injury sufficient to confer Article III standing with respect to Epic. Finally, even if jurisdiction existed (it does not), Plaintiff's claims against Epic independently fail under Rule 12(b)(6). For these reasons, this Court should dismiss all claims against Epic and dismiss Epic as a party to this action.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 1 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

## BACKGROUND

### I.     THE PARTIES.

Plaintiff is a resident of Virginia. (Compl. ¶ 12.) He alleges his medical records were maintained by his healthcare providers, including Defendant UVA Health—a Virginia-based hospital system—in connection with medical treatment he received in North Carolina. (*Id.* ¶¶ 12, 22.)

Epic is a Wisconsin corporation with its principal (and only) place of business in Verona, Wisconsin. (*See id.* ¶ 21; *see also* Declaration of Martha Jahn Snyder (the "Snyder Decl.") filed concurrently herewith; *see also* Ex. 1, ¶ 26.)[1] Epic is not a healthcare provider and does not treat patients. Instead, Epic develops and maintains electronic health-record software used by healthcare providers to create, store, and exchange patient medical records. (Ex. 1, ¶¶ 6, 26, 112.) Epic participates in broader

---

[1] Epic has already filed an action in this same court against Health Gorilla and related entities to address the same conduct alleged by Plaintiff here. *See* Complaint at ¶¶ 1–25, *Epic Sys. Corp. v. Health Gorilla, Inc.*, No. 2:26-cv-00321 (C.D. Cal. Jan. 13, 2026) (alleging fraudulent access to patient records and violations of interoperability framework requirements of Carequality and TEFCA). A true and correct copy of the complaint filed in *Epic Sys. Corp. v. Health Gorilla, Inc.*, No. 2:26-cv-00321 (C.D. Cal. Jan. 13, 2026), is attached hereto as **Exhibit 1**. This Court may consider the contents of the *Health Gorilla* complaint at this stage because Plaintiff references Epic's lawsuit against Health Gorilla throughout his Complaint and explicitly incorporates Epic's factual allegations. (*See* Compl. ¶ 5 n.3 (expressly "incorporat[ing] by reference the facts alleged in *Epic Systems Corp., et al., v. Health Gorilla*, . . . including ¶¶ 1-25, which detail the history of the relationship amongst the Defendants").) As the Ninth Circuit has held, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment") (internal quotation marks omitted) (alteration in original).

Foley & Lardner LLP
Attorneys at Law
Madison

- 2 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

industry interoperability frameworks,[2] including Carequality and the Trusted Exchange Framework and Common Agreement ("TEFCA"), where it operates as an "implementer"—that is, an entity that connects participants within the interoperability framework and facilitates, but does not oversee or control, the exchange of data between them. (*See id.* ¶¶ 4–5, 56–58, 81–86, 114–115.) Critically, Epic is not the custodian of patients' medical information, nor does it own or have control over nationwide interoperability frameworks like Carequality or TEFCA. (*Id.* ¶¶ 3, 6, 68, 121.)

Defendant Health Gorilla and Defendant Mammoth Path Solution, LLC ("Mammoth") are the third-party entities alleged to have improperly requested and accessed Plaintiff's records. (Compl. ¶ 5; Ex. 1, ¶¶ 1–25.) Health Gorilla and Mammoth accessed patient records through nationwide interoperability frameworks such as Carequality and TEFCA. (Ex. 1, ¶¶ 4–5, 56–68, 138–141.) Within those frameworks, Health Gorilla operated as an implementer connecting its clients—including Mammoth—to the network. Mammoth requests patient records on the frameworks. (Ex. 1, ¶¶ 56–58, 86, 139–140, 159–171.)

## II.   THE ROLE OF INTEROPERABILITY FRAMEWORKS AND THE PROCESS FOR REQUESTING HEALTH RECORDS.

Interoperability frameworks are systems that allow healthcare providers and other participants to exchange patient records electronically across different networks. (Ex. 1, ¶¶ 56–58, 86, 139–140, 159–171.) Within these frameworks, the requesting entity submits a query for a patient record—typically identifying the patient and representing a permitted purpose, such as treatment—which is then transmitted through the network to the healthcare provider acting as the custodian of

---

[2] As explained in more detail in Background Part II, *infra*, an "interoperability framework" acts as a "network-of-networks" governed by standardized rules and technical protocols, that allows different healthcare organizations to exchange patient information electronically. (*See* Ex. 1, ¶¶ 53–55; 114.)

Foley & Lardner LLP
Attorneys at Law
Madison

- 3 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

the requested records. (*See* Ex. 1, ¶¶ 53–68.)

The exchange process operates in a largely automated, system-to-system manner. (*Id*.) Once a request is submitted, it is routed electronically to the responding provider's system, which compiles and returns the requested records through the framework without individualized human review of each transaction. (*See* Ex. 1, ¶¶ 64–68, 98.) In practice, these frameworks facilitate extremely high volumes of transactions; Carequality exchanges over 1.2 billion medical documents each month through the Carequality framework alone, making manual verification of individual requests impracticable. (Ex. 1, ¶ 57.) Because of this automation and scale, interoperability frameworks are governed by rules—and a framework of trust that the rules will be honored—that restrict how and when patient records may be requested and exchanged. (Ex. 1, ¶¶ 4, 64–66, 69–80.) Participating entities must represent a permissible purpose for their requests, and the system depends on those representations being truthful and accurate. (Ex. 1, ¶¶ 4, 64–66.)

Within this structure, entities known as "implementers" play a central role in managing access to the network. Implementers—like Defendant Health Gorilla—connect participants—like Defendant Mammoth—to the interoperability framework and provide them with the ability to submit and receive record requests. (*See* Ex. 1, ¶¶ 56–58, 84–86.) As part of that role, implementers are required to comply with the governing rules and to onboard and vet their connections to ensure that those entities are authorized participants that will submit requests only for permitted purposes. (*See* Ex. 1, ¶¶ 56–58, 60–71.) Once connected by an implementer, participants may submit requests for patient records through the framework by representing that the requests satisfy the applicable requirements—such as being made for treatment purposes. (*See* Compl. ¶ 5; Ex. 1, ¶¶ 4–5.) Those requests are then processed automatically through the system as described above.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 4 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

## III.   THE ALLEGED ACCESS TO PLAINTIFF'S MEDICAL RECORDS.

Plaintiff alleges that Defendants Health Gorilla and Mammoth accessed his medical records by submitting requests through interoperability frameworks while misrepresenting that those requests were for "treatment purposes." (Compl. ¶¶ 4–5, 35–37.) In reality, Health Gorilla and Mammoth at times fraudulently represented they were providing treatment services to patients, when they actually sought to take patient health records to identify and recruit potential plaintiffs for class action litigation. (*Id.*; *see also* Ex. 1, ¶¶ 1–2, 11–12, 124–141.) In short, entities like Mammoth are alleged to have used Health Gorilla's access to interoperability frameworks to submit record requests on a large scale under the guise of permissible treatment requests, but which were in fact requests for improper purposes. (Ex. 1 ¶¶ 159–171, 184–191.)

Under the structure described above, those requests were transmitted and fulfilled automatically through interoperability frameworks based on the requesting entity's representations. (*See* Ex. 1, ¶¶ 64–68, 98.) Thus, the conduct alleged by Plaintiff involves the actions of third-party entities—like Health Gorilla, as an implementer, and like Mammoth, as a requester—that improperly submitted and facilitated those requests through the system, despite their affirmative representations that the requests were made for legitimate treatment purposes. (*See* Ex. 1, ¶ 64.)

## IV.   PLAINTIFF'S THEORY AGAINST EPIC.

Plaintiff does not allege that Epic accessed his records, disclosed his information, or sold his data. Plaintiff does not allege that *Epic* made any misrepresentation to obtain his information—nor that Epic obtained his data at all. Indeed, Plaintiff does not allege any affirmative contact with Epic. Instead, Plaintiff's claims against Epic rest on the theory that Epic should be held responsible for the alleged misconduct and deceit of third-parties—like Health Gorilla—that allegedly

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 5 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

misused the interoperability frameworks in which Epic participates, but does not control. (Compl. ¶¶ 5–6, 35–42.)

## V.     PLAINTIFF'S ALLEGED INJURIES.

Plaintiff alleges a generalized fear that his information *might* be misused at some unknown point in the future. (*Id.* ¶¶ 17, 41.) Plaintiff admits that he is "in the dark" about "what particular data" was accessed, "who" accessed it, who currently possesses it, or whether it will ever be misused at all for unknown "potentially nefarious purposes." (*Id.* ¶ 41.) He further alleges that any potential misuse may "may not come to light for years." (*Id.* ¶¶ 65–66.)

Plaintiff alleges that he experienced "annoyance," "anxiety," and "increased concern[,]" and that he spent time "seeking legal counsel," "monitoring accounts," and exploring protective measures. (*Id.* ¶¶ 17–20.) Importantly, Plaintiff does *not* (because he cannot) plausibly allege that *Epic* accessed, possessed, or transmitted his data, let alone misused it. (*Contra id.* ¶ 6 (drawing a distinction between Health Gorilla and/or Mammoth's *misuse* of Plaintiff's data and Epic allegedly being "apparently well aware" of such misuse); ¶¶ 2, 5 (recognizing that Epic uncovered the misuse and brought suit against Health Gorilla, et al.).)

## LEGAL STANDARD

**Fed. R. Civ. P. 12(b)(2) Standard.** A defendant may move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). When jurisdiction is challenged, the plaintiff bears the burden of establishing that the Court may properly exercise jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the motion is decided on the pleadings, the plaintiff must make a prima facie showing of jurisdictional facts sufficient to support personal jurisdiction. *Id.*; *see also Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (overruled on other grounds).

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 6 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

Although the Court accepts uncontroverted allegations as true, a plaintiff "cannot simply rest on the bare allegations of its complaint[.]" *Schwarzenegger*, 374 F.3d at 800 (internal quotation marks and citation omitted). The plaintiff must allege non-conclusory facts that, if true, would support the exercise of jurisdiction. *See Doe*, 248 F.3d at 922.

**Fed. R. Civ. P. 12(b)(1) Standard.** To establish Article III standing, a Plaintiff must demonstrate not only a concrete injury in fact, but also that the injury is "fairly traceable to the challenged conduct" and "likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). This requirement demands a non-speculative causal connection between the defendant's conduct and the alleged harm; allegations that merely suggest possible or attenuated links—particularly where third-party actors may have independently caused the injury—are insufficient. *See Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976) (holding Article III "requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party[.]"). Thus, a plaintiff must plead facts making it plausible that the defendant's alleged conduct, as opposed to other sources, caused plaintiff's alleged injury. *See id.*

**Fed. R. Civ. P. 12(b)(6) Standard.** To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible only when the well-pleaded facts allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Courts are not bound to accept as true legal conclusions couched as factual allegations. *Id.*; *see also id.* at 663–64 (noting that determining "whether a complaint states a plausible claim is context

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 7 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

specific, requiring the reviewing court to draw on its experience and common sense."). Dismissal is appropriate where a complaint fails to allege "more than a sheer possibility" of liability and "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

## **ARGUMENT**

### **I.   EPIC MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

In diversity cases, federal courts apply the personal-jurisdiction law of the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). California's long-arm statute authorizes jurisdiction to the full extent permitted by federal due process. *See id*; *see also* Cal. Civ. Proc. Code § 410.10. The inquiry therefore collapses into a single question of constitutional due process. *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). Due process permits personal jurisdiction only where the defendant has "minimum contacts" with the forum such that jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Walden*, 571 U.S. at 283. As both the Supreme Court and Ninth Circuit have repeatedly recognized, absent general or specific jurisdiction, personal jurisdiction is lacking over a defendant, regardless of whether jurisdiction may exist with respect to other defendants in the action. *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 268 (2017) (personal jurisdiction "must be met as to each defendant"); *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("jurisdiction over each defendant must be established individually.").

Epic must be dismissed because Plaintiff has failed to plausibly allege facts establishing either (1) general or (2) specific personal jurisdiction over Epic in California. Although Epic does some business in California, it is insufficient to establish Epic is "at home" in California and is not the relevant inquiry for specific

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 8 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

jurisdiction. Plaintiff must allege that his claims specifically "arise out of or relate to" Epic's conduct in California, and he has failed to do so. The Complaint's jurisdictional allegations are conclusory and derivative, and they do not identify any forum-directed conduct by Epic tied to Plaintiff's claims. Exercising personal jurisdiction over Epic on this record would violate due process and is prohibited by controlling Supreme Court and Ninth Circuit precedent.

### A. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH GENERAL JURISDICTION OVER EPIC IN CALIFORNIA.

Plaintiff does not—and cannot—allege general jurisdiction over Epic. General jurisdiction exists only where a corporation's contacts are so continuous and systematic that it is "essentially at home" in the forum—typically its place of incorporation or principal place of business. *Daimler*, 571 U.S. at 127; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Outside those paradigm forums, general jurisdiction exists only in an "exceptional case." *Daimler*, 571 U.S. at 139 n.19. As the Ninth Circuit has recognized, a corporation is not subject to general jurisdiction in California merely because it generally conducts business there. *See, e.g., Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069–71 (9th Cir. 2015) (holding that Nike, an Oregon corporation, was not "at home" in California despite substantial business contacts there).

Plaintiff's Complaint includes no allegations to support general jurisdiction over Epic. Epic is incorporated in Wisconsin and maintains its principal place of business there, not in California. *See* Background Part I, *supra*; *see also* Snyder Decl. ¶¶ 4–5. Epic therefore is not "essentially at home" in California, and Plaintiff does not allege an "exceptional case" warranting general jurisdiction outside Wisconsin. *Daimler*, 571 U.S. at 137–39; *see also id.* at 139, n.19. In the absence of continuous and systematic contacts rendering Epic at home in California, general jurisdiction fails as a matter of law. *Id.*; *Goodyear*, 564 U.S. at 919–20.

**B.    PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH SPECIFIC JURISDICTION OVER EPIC IN CALIFORNIA.**

Plaintiff likewise fails to plausibly allege specific jurisdiction over Epic. Specific jurisdiction requires a showing that: (1) the defendant purposefully directed activities at the forum or purposefully availed itself of the privilege of conducting activities there; (2) the plaintiff's claims *arise out of or relate to* those forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff fails to satisfy either of the first two requirements, "personal jurisdiction is not established in the forum state[]" and dismissal is required. *Id*. at 802–03. These requirements apply equally in class actions. *Kobus v. Procter & Gamble Co.*, 817 F. Supp. 3d 835, 845 (N.D. Cal. 2026) ("there is no serious dispute that each *named* plaintiff in a proposed class action must establish personal jurisdiction.") (internal quotation marks omitted). Thus, where a named plaintiff fails to establish either general or specific jurisdiction, dismissal under Rule 12(b)(2) is required. *Id.*

Plaintiff did not—because he cannot—tie his alleged injuries to any California-based conduct by Epic. Plaintiff fails to allege that his claims "arise out of or relate to" any conduct by Epic in California. *Bristol Myers*, 582 U.S. at 262 (brackets omitted). Plaintiff alleges he is a Virginia resident, he received medical treatment in North Carolina, and that Epic is based in Wisconsin. (Compl. ¶¶ 12, 21–22.) He does not allege that any conduct by Epic relevant to his claims occurred in California. As in *Bristol Myers*, this absence of a forum-specific connection compels dismissal. 582 U.S. at 265. ("The relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. In addition, as in *Walden,* all the conduct giving rise to the nonresidents' claims occurred elsewhere. It follows that the California courts cannot claim specific jurisdiction.").

Foley & Lardner LLP
Attorneys at Law
Madison

- 10 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

In an attempt to support jurisdiction over Epic, Plaintiff relies on generalized allegations about Epic's participation in nationwide interoperability frameworks, and its alleged failures to prevent misuse by independent third parties like Defendant Health Gorilla. (*See* Compl. ¶¶ 2, 34–37, 72.) Plaintiff's only jurisdictional allegation directed at Epic is a single conclusory assertion—made collectively as to all "Defendants"—that they conduct business and market products in California. (Compl. ¶ 10.) At most, these allegations point to Epic operating nationally, not that Plaintiff's claims **arise from or relate to** any Epic conduct in California. Such generalized allegations do not establish purposeful availment in California by Epic, much less conduct by Epic directed at Plaintiff himself. *See Bristol Myers*, 582 U.S. at 262–64.

Plaintiff's allegations further confirm that any improper access to his health records occurred "under the false pretense of 'treatment' purposes" and was carried out by Health Gorilla and its clients—not Epic—through deceptive third-party conduct. (Compl. ¶ 5 n.3; Ex. 1 ¶¶ 1–25, 59–60, 138–41, 159–171, 184–91.) Plaintiff attempts to recast Epic's alleged failure to prevent third-party misconduct within an automated interoperability system that processes requests based on participant representations as a jurisdictional hook, but this theory underscores the absence of any California-specific conduct by Epic tied to Plaintiff's injury. Personal jurisdiction must be based on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. Plaintiff's allegations that Health Gorilla misused nationwide interoperability frameworks—including at least one in which Epic also participates—are insufficient to establish Epic's purposeful availment of California such that personal jurisdiction lies.

Finally, Plaintiff's reliance on generalized allegations about Epic's nationwide products or alleged knowledge of misuse cannot cure these defects. Plaintiff must tie his alleged injury to Epic's conduct in California. *Id.* at 286; *see also Cox v.*

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 11 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

*CoinMarketCap OPCO, LLC*, 112 F.4th 822, 834–36 (9th Cir. 2024), *cert. denied sub nom. CoinMarketCap OpCo v. Cox*, 145 S. Ct. 2846, 222 L. Ed. 2d 1131 (2025) (affirmed dismissal of foreign defendants for lack of personal jurisdiction while allowing the case to continue against domestic defendants). This he has not done. Because Plaintiff has failed to establish either general or specific personal jurisdiction over Epic, dismissal under Rule 12(b)(2) is required.

## II.   EPIC MUST BE DISMISSED BECAUSE PLAINTIFF LACKS ARTICLE III STANDING.

Even if Plaintiff could establish personal jurisdiction over Epic, his claims against Epic should be dismissed because Plaintiff lacks Article III standing. He has not alleged a concrete injury fairly traceable to Epic's conduct.

To invoke federal jurisdiction, Plaintiff must establish the irreducible constitutional minimum of standing, including an injury-in-fact with a causal connection (traceability) between the injury and the defendant's conduct, and a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff has not plausibly alleged a concrete injury-in-fact that is fairly traceable to any conduct by Epic.

### A.   PLAINTIFF FAILS TO ALLEGE HARM THAT IS FAIRLY TRACEABLE TO EPIC'S CONDUCT.

Even assuming Plaintiff has alleged a concrete injury, he fails to satisfy Article III's traceability prong. Standing requires that the alleged injury be fairly traceable to the defendant's conduct, not "the independent action of some third party[.]" *Id*. at 560.

Here, Plaintiff's own allegations place the operative bad conduct with Defendants Health Gorilla and Mammoth, not Epic. (Compl. ¶¶ 4–5.) It is Defendants Health Gorilla and Mammoth that abused the interoperability frameworks "without proper authorization." (*Id.* ¶ 4.) Plaintiff alleges those Defendants' access occurred

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 12 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

through requests made "under the false pretense of 'treatment' purposes," whereas Epic "suspect[ed]" the true purpose was to "find potential plaintiffs to recruit for class action lawsuits." (*Id.* ¶ 5.) And he conclusorily alleges that Epic was "apparently well aware" of the alleged misuse but "took no serious steps to correct and/or stop the breach until January 2026" (*id.* ¶ 6), all despite Epic actually *suing* Health Gorilla and Mammoth to stop such misuse. (*See generally*, Ex. 1.) Critically for the immediate case, Plaintiff does not plead that Epic caused the access. Plaintiff's allegations do not meet the threshold requirement to establish traceability.

Plaintiff's asserted injuries likewise depend on downstream choices by unknown actors. He alleges he is "left to speculate" as to where his information ended up and who may use it. (Compl. ¶ 41.) He speculates it "may end up for sale on the dark web." (*Id.* ¶ 42.) That chain runs through the hypothetical decisions made by unidentified bad actors, which breaks any traceability to Epic's conduct under Article III. *See Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1084–87 (E.D. Cal. 2015) (no standing where alleged harms required "highly attenuated" assumptions about independent actors and alleged misuse was not "an injury fairly traceable to" defendant's conduct); *Greenstein v. Noblr Reciprocal Exch.*, 585 F. Supp. 3d 1220, 1230–32 (N.D. Cal. 2022) (courts in the Ninth Circuit "d[o] not rely on speculation or inferences to demonstrate a clear causal connection."). Accordingly, because Plaintiff has not plausibly alleged that his claimed harms were caused by or fairly traceable to Epic's conduct—rather than the independent actions of Health Gorilla, Mammoth, and other third parties not before this Court—he lacks Article III standing and his claims against Epic must be dismissed.

## B.   PLAINTIFF FAILS TO ALLEGE ANY INJURY REDRESSABLE BY A FAVORABLE DECISION AGAINST EPIC.

Plaintiff also fails to allege that a favorable decision against Epic would likely redress his claimed harms. *Lujan*, 504 U.S. at 561. Plaintiff's alleged harms are

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 13 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

forward-looking and speculative (*e.g.*, risk, anxiety, monitoring time). *See* Background Part V, *supra*. Additionally, Plaintiff admits he does not know what data was taken, who has it, or whether it will ever be misused. (Compl. ¶ 41.) Any future misuse would depend on third parties' choices over which Epic has no control. Under Article III, that is not a plausible basis to conclude the requested relief against Epic will likely redress Plaintiff's alleged injury. *Lujan*, 504 U.S. at 561–62.

### III. EPIC MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM FOR ANY OF HIS THREE CAUSES OF ACTION.

#### A. PLAINTIFF'S BREACH OF IMPLIED CONTRACT CLAIM (COUNT II) FAILS.

Even if Plaintiff could overcome the hurdles presented by the lack of personal jurisdiction over Epic and his lack of Article III standing, Plaintiff's breach of implied contract claim fails because he does not plausibly allege: (1) a contractual relationship or meeting of the minds with Epic; (2) any specific, enforceable promise by Epic; or (3) compensable damages caused by Epic. Each deficiency independently warrants dismissal. To state a claim for breach of an implied-in-fact contract in the data-breach context, a plaintiff must plausibly allege a contract formed through the parties' conduct—including mutual assent and consideration—a specific implied promise to safeguard data, breach of that promise, and actual damages caused by the breach. *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1144 (C.D. Cal. 2021). Courts have dismissed implied contract claims where plaintiffs cannot allege direct dealings, awareness, or a meeting of the minds with the defendant. *See, e.g.*, *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1096–99 (N.D. Cal. 2022).

#### 1. Plaintiff Does Not Allege a Contractual Relationship.

Plaintiff alleges that Defendants implicitly "agreed to safeguard and protect" his information simply by collecting and storing it. (Compl. ¶¶ 100–104.) As discussed in Background Parts II–IV, *supra*, Epic itself did not collect or store Plaintiff's information. However, even when Plaintiff's conclusory allegations are

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 14 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

taken as true, an implied-in-fact contract requires mutual assent to definite terms, inferred from the parties' conduct—not unilateral expectations. *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 5th 1214, 1231–32 (2023); *Spectra 4, LLP v. Uniwest Commercial Realty, Inc.*, 290 Va. 36, 45–47 (2015).

Plaintiff pleads no facts showing mutual assent. He does not allege that he interacted with Epic, knew of any alleged role Epic had vis-à-vis his data, or knowingly provided his information to his healthcare provider in return for any undertaking by Epic. Instead, he alleges that Epic is a developer of electronic health record software whose systems enable healthcare providers to exchange patient information and whose interoperability frameworks were allegedly (mis)used by third-party entities to submit requests for records. (Compl. ¶¶ 6, 21, 35–37.) Allegations of downstream data handling by a technology vendor—without any direct interaction, knowledge, or exchange between Plaintiff and that vendor—do not establish a meeting of the minds under California or Virginia law.

Nor does Plaintiff's incorporation of *Epic v. Health Gorilla* cure this deficiency. (Compl. ¶¶ 4–6, 35–37.) In that case's complaint, Epic clearly lays out the improper scheme and details the role of Health Gorilla and Mammoth as third-party entities who accessed records "under the false pretense of 'treatment' purposes." (Ex. 1, ¶¶ 1–2, 11–12, 124–126, 138–140); *see also* Background Parts II–III, *supra*. Those allegations concern requests submitted through interoperability frameworks by independent third parties—not any communication, agreement, or undertaking involving Epic and Plaintiff. Nothing about the alleged deception by Health Gorilla and Mammoth supports a showing of a contractual relationship between Plaintiff and Epic.

### 2. Plaintiff Fails to Identify Any Specific, Enforceable Promise.

Plaintiff's claim also fails because he does not allege any specific promise by Epic—express or implied—made to him. He does not allege that Epic made any representations to him, that he relied on any Epic privacy policy, or that any policy

Foley & Lardner LLP
Attorneys at Law
Madison

- 15 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

was incorporated into a contract to which he was a party. Instead, Plaintiff pleads generalized assertions that Defendants—generally, not Epic specifically—were required to safeguard data and provide breach notice. (Compl. ¶¶ 101–104.) But generalized expectations or regulatory obligations do not constitute enforceable contractual promises. Courts decline to infer implied contractual duties where alleged obligations merely track statutory or regulatory requirements. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 610–11 (9th Cir. 2020) (dismissing breach of contract claim where a "data use policy" did not "constitute a separate contract[]" because there was no "exchange for a promise" between the parties).

**B.    PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM (COUNT III) FAILS.**

Plaintiff's implied-covenant claim fails for three independent reasons: (1) he does not plausibly allege any contract with Epic; (2) he does not identify a contractual benefit Epic unfairly frustrated; and (3) he pleads only duplicative, conclusory allegations of "bad faith." *See* Background Part IV, *supra*. Each defect is fatal.

As an initial matter, the implied covenant of good faith and fair dealing presupposes an underlying contract. Under California law, the covenant exists solely "to protect the express covenants or promises of the contract," and its scope is "circumscribed by the purposes and express terms of the contract." *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992). Virginia law is even more restrictive.[3] Failure to act in good faith "does not amount to an

---

[3] Notably, Plaintiff did not bring this claim in Virginia, where he resides. That choice is telling. Under Virginia law, while an implied duty of good faith and fair dealing is recognized, it must be asserted as part of a breach-of-contract claim and cannot proceed as a free-standing cause of action. *Stoney Glen, LLC v. S. Bank & Tr. Co.*, 944 F. Supp. 2d 460, 465–68 (E.D. Va. 2013). Plaintiff instead filed suit in California—where none of the alleged conduct occurred and where he does not have personal jurisdiction over Epic (*see* Argument Part I, *supra*)—seemingly as an attempt at forum shopping in hopes of invoking a more permissive legal regime.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 16 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

independent tort" and gives rise, if at all, only to a breach-of-contract claim. *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 251 Va. 28, 33 (1996). Because Plaintiff fails to plausibly allege any express or implied contract with Epic, his implied-covenant claim necessarily fails. *See* Argument Part III.A, *supra*.

Even if a contract existed—which it does not—Plaintiff fails to identify any cognizable contractual benefit of which Epic deprived him. Instead, he attempts to use the implied covenant to impose generalized duties of data security and breach notice as a freestanding independent duty. (Compl. ¶¶ 109–112.) That is improper. The covenant cannot be used to rewrite contracts, create new obligations, or transform regulatory or tort duties into contractual ones. *See Carma*, 2 Cal. 4th at 373–74; *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 385–86 (1997). Further, neither HIPAA nor the FTC Act can supply privately enforceable duties, and Plaintiff cannot bootstrap those regulatory standards into an implied-covenant claim.[4]

Finally, Plaintiff fails to plead actionable bad-faith conduct by Epic. He alleges in conclusory terms that Defendants collectively "acted in bad faith and/or with malicious motive," but pleads no facts showing deliberate, unfair interference with

Forum selection, however, does not permit a plaintiff to manufacture claims that would fail under the law of his home state.

[4] Plaintiff states he seeks to "hold Defendants responsible" (Compl. ¶ 3) under HIPAA's Privacy and Security Rules and purported FTC standards governing data security through negligence and related state law claims. (*Id*. ¶¶ 49–58, 71–74, 95–97.) That theory fails as a matter of law because Congress did not create a private right of action under either statute, and Plaintiff may not enforce those statutes indirectly by recasting them as common law duties. Neither HIPAA nor the FTC Act provides a private right of action. *See Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280–81 (9th Cir. 1973). Accordingly, to the extent Plaintiff attempts to rely on those statutes as the source of Epic's purported duty or standard of care, he cannot use them to indirectly enforce obligations that Congress has not made privately enforceable.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 17 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

any specific contractual benefit—particularly as to Epic. (Compl. ¶ 112.) Courts routinely dismiss implied-covenant claims resting on such bare assertions, especially in data-security cases where plaintiffs allege no more than negligence or generalized failures. *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 865–66 (N.D. Cal. 2011); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). Because Plaintiff does not plausibly allege a contract with Epic, attempts to use the implied covenant to impose new, non-contractual data-security duties, and pleads only conclusory allegations of bad faith, Count III must be dismissed.

### C. PLAINTIFF'S NEGLIGENCE CLAIM (COUNT I) FAILS.

Plaintiff's negligence claim fails because he does not plausibly allege: (1) that Epic owed him a cognizable common-law duty of care; (2) that he suffered actionable harm; or (3) that any alleged harm was proximately caused by Epic. Instead, Plaintiff relies on conclusory allegations pleaded collectively against "Defendants," regulatory provisions that do not create private duties, and speculative theories of future injury. *See* Argument Part II.A, *supra*. To state a negligence claim, Plaintiff must allege a legal duty, breach, proximate causation, and resulting damages. See *White v. United Network for Organ Sharing*, 2025 WL 2656044, at *9 (E.D. Va. Sept. 16, 2025); *In re Accellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 631 (N.D. Cal. 2024). He fails each element.

#### 1. Plaintiff Does Not Plausibly Allege a Cognizable Duty Owed by Epic.

Plaintiff's duty allegations are conclusory and asserted collectively against "Defendants," not Epic. He alleges generally that Defendants "acquired, collected, stored and assured reasonable security" over his information and thereby "assumed legal and equitable duties." (Compl. ¶¶ 43, 45.) These are legal conclusions, not facts establishing a duty running from Epic to Plaintiff.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 18 -

MOTION TO DISMISS CLASS ACTION COMPLAINT
2:26-CV-01938-PA-E

Plaintiff does not allege any direct relationship with Epic comparable to the kind of undertaking courts rely on to recognize a duty of care. He alleges Epic is a software vendor, while UVA maintained Plaintiff's records, and the Notice attributes the alleged access to Defendant Health Gorilla and its clients—not Epic. (Compl. ¶ 5.) These allegations confirm that Plaintiff's theory rests on third-party misuse of access mechanisms, not on any affirmative undertaking by Epic toward him. Nor does Plaintiff plead facts sufficient to avoid the economic-loss doctrine, which bars negligence claims seeking purely economic or expectancy-type losses absent a qualifying special relationship. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 960–63 (S.D. Cal. 2012). Plaintiff alleges only generalized conclusions that Defendants had a "special relationship" and that harm was foreseeable. (Compl. ¶¶ 57, 84.) He pleads no facts tying Epic's conduct to a duty owed directly to him. Accordingly, Plaintiff fails to plausibly allege a cognizable duty of care.

### 2. Plaintiff Fails to Allege Proximate Causation.

Finally, Plaintiff fails to plausibly allege proximate cause. For the same reasons he fails Article III traceability, he fails to plead that Epic's conduct—not the independent acts of third parties like Health Gorilla or Mammoth—was the proximate cause of any alleged injury. *See* Argument Part I.A, *supra*. Plaintiff attributes the operative conduct to Defendant Health Gorilla and its clients, who allegedly misrepresented their purposes and misused nationwide interoperability systems for improper purposes. (Compl. ¶¶ 4–6.) Plaintiff's conclusory assertions of a "close causal connection" (*see id.* ¶ 92) are insufficient where alleged harms are speculative and traceable only to third-party conduct. *See White*, 2025 WL 2656044, at *10–11.

### CONCLUSION

For the foregoing reasons, Epic respectfully requests that the Court dismiss

Plaintiff's Complaint in its entirety against Epic, with prejudice.

Dated:  May 26, 2026                    **FOLEY & LARDNER LLP**

_/s/ John J. Atallah_
John J. Atallah (CA Bar No. 294116)
Foley & Lardner LLP
555 S Flower St
Suite 3300
Los Angeles, CA  90071-2411
Phone:  213.972.4500
Fax:  213.486.0065
Email:  jatallah@foley.com

Michael D. Leffel (WI Bar No. 1032238) (_pro hac vice_ application forthcoming)
Eric J. Hatchell (WI Bar No. 1082542) (_pro hac vice_ application forthcoming)
Amber R. Quinlan Willette (WI Bar No. 1144563) (_pro hac vice_ application forthcoming)
Foley & Lardner LLP
150 E. Gilman Street, Suite 5000
Madison, WI 53703-1482
(P) 608.257.5035
(F) 608.258.4258
ehatchell@foley.com
mleffel@foley.com
amber.quinlanwillette@foley.com

_Attorneys for Defendant Epic Systems Corporation_

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 20 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel for Defendant Epic Systems Corporation, hereby certifies that this brief contains 19 pages, exclusive of title or signature pages, and complies with the page limit set forth in Rule 6(b) of Judge Percy Anderson's Standing Order for Civil Cases.

Dated:  May 26, 2026

**FOLEY & LARDNER LLP**

*/s/ John J. Atallah*
John J. Atallah (CA Bar No. 294116)
Foley & Lardner LLP
555 S Flower St
Suite 3300
Los Angeles, CA  90071-2411
Phone:  213.972.4500
Fax:  213.486.0065
Email:  jatallah@foley.com

Michael D. Leffel (WI Bar No. 1032238) (*pro hac vice* application forthcoming)
Eric J. Hatchell (WI Bar No. 1082542) (*pro hac vice* application forthcoming)
Amber R. Quinlan Willette (WI Bar No. 1144563) (*pro hac vice* application forthcoming)
Foley & Lardner LLP
150 E. Gilman Street, Suite 5000
Madison, WI 53703-1482
(P) 608.257.5035
(F) 608.258.4258
ehatchell@foley.com
mleffel@foley.com
amber.quinlanwillette@foley.com

*Attorneys for Defendant Epic Systems Corporation*

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 21 -

MOTION TO DISMISS CLASS ACTION COMPLAINT
2:26-CV-01938-PA-E

## **LOCAL RULE 7-3 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel for Defendant Epic Systems Corporation, hereby certifies that, pursuant to Local Rule 7-3, counsel for Epic met and conferred with counsel for Plaintiff on May 18, 2026 regarding the grounds for this Motion to Dismiss, including the arguments set forth herein. Despite good-faith efforts to resolve or narrow the issues raised by this Motion, the parties were unable to reach an agreement. Accordingly, Defendant Epic Systems Corporation files this Motion.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 22 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E

Dated:  May 26, 2026

**FOLEY & LARDNER LLP**
 /s/ John J. Atallah
John J. Atallah (CA Bar No. 294116)
Foley & Lardner LLP
555 S Flower St
Suite 3300
Los Angeles, CA  90071-2411
Phone:  213.972.4500
Fax:  213.486.0065
Email:  jatallah@foley.com

Michael D. Leffel (WI Bar No. 1032238) (*pro hac vice* application forthcoming)
Eric J. Hatchell (WI Bar No. 1082542) (*pro hac vice* application forthcoming)
Amber R. Quinlan Willette (WI Bar No. 1144563) (*pro hac vice* application forthcoming)
Foley & Lardner LLP
150 E. Gilman Street, Suite 5000
Madison, WI 53703-1482
(P) 608.257.5035
(F) 608.258.4258
ehatchell@foley.com
mleffel@foley.com
amber.quinlanwillette@foley.com

*Attorneys for Defendant Epic Systems Corporation*

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 23 -

MOTION TO DISMISS CLASS ACTION
COMPLAINT
2:26-CV-01938-PA-E