UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1938 PA (Ex) | Date | June 9, 2026 |
|---|---|---|---|
| Title | Steven Patterson v. UVA Health, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS—ORDER TO SHOW CAUSE

Plaintiff initiated this putative class action suit against defendants University of Virginia (erroneously sued as UVA Health) ("UVA"), Epic Systems Corporation ("Epic"), Health Gorilla ("Gorilla"), and Mammoth Path Solution, LLC ("Mammoth") on February 23, 2026.  The Complaint alleges that Defendants failed to properly safeguard protected health information and personally identifiable information ("Private Information") in Plaintiff's electronic health records at UVA, and that Plaintiff's Private Information was compromised during a data breach discovered by Epic and UVA in January 2026.  (See Compl. ¶¶ 35–74.)

According to the Complaint, Plaintiff is a citizen and resident of Virginia; UVA is an academic healthcare center associated with the University of Virginia, which is located in Charlottesville, Virginia;[1] Epic is a corporation with principal place of business in Wisconsin that develops software tools for the healthcare industry; Gorilla is a software company with principal place of business in Florida; and Mammoth is a healthcare technology limited liability company with principal place of business in California.  (Compl. ¶¶ 12, 21–24.)  The Complaint alleges that "[v]enue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to [Plaintiff's] claims took place within this District, and Defendants do business in this Judicial District."  (Id. ¶ 11.)  However, it is unclear from the Complaint what events giving rise to Plaintiff's claims took place within this District, particularly with respect to the alleged breach of Plaintiff's Private Information.  Moreover, on May 29, 2026, Gorilla filed a Motion for Transfer and Coordination or Consolidation with the Judicial Panel on Multidistrict Litigation ("JPML"), identifying several related cases—including this action—and requesting that the JPML to coordinate or consolidate the actions in the United States District Court for the Southern District of Florida (the "Southern District of Florida").  (Docket No. 27-1.)  There is no indication that Plaintiff intends to oppose that motion; on the contrary Plaintiff sought to stay this case pending the JPML's ruling on the motion.  (See Docket No. 27.)

---

[1]     The Complaint appears to mistakenly refer Charlottesville, Virginia, as "Charlottesville, North Carolina."  (See id. ¶ 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1938 PA (Ex) | Date | June 9, 2026 |
|---|---|---|---|
| Title | Steven Patterson v. UVA Health, et al. | | |

Thus, given that both Plaintiff and UVA are located in Virginia and only one defendant, Mammoth, is located in California, and because the Complaint fails to describe what events or omissions giving rise to Plaintiff's claims occurred in California, it is unclear, based on the record before the Court, why this action was filed in the United State District Court for the Central District of California (the "Central District of California"). Accordingly, the Court orders the parties to show cause in writing why venue is proper in the Central District of California and why this action should not be dismissed or, in the alternative, transferred to either the Southern District of Florida, the United States District Court for the Western District of Virginia (the "Western District of Virginia"), or another forum identified by the parties, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 1404, 1406. All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.

To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Western District of Virginia or the Southern District of Florida;

2. Whether venue is appropriate in Western District of Virginia or the Southern District of Florida;

3. What contacts, if any, each of the parties has to the Central District of California, the Western District of Virginia, or the Southern District of Florida;

4. What connection Plaintiff's causes of action have to the Central District of California, the Western District of Virginia, or the Southern District of Florida;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the Western District of Virginia or the Southern District of Florida;

7. The ease of access to sources of proof in each of the forums;

8. The expected difference in the cost of litigation in the Central District of California as compared to the Western District of Virginia or the Southern District

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1938 PA (Ex) | | Date | June 9, 2026 |
|---|---|---|---|---|
| Title | Steven Patterson v. UVA Health, et al. | | | |

of Florida; and

9.    Whether there are any alternative forums, other than the Central District of California, the Western District of Virginia, or the Southern District of Florida, that would be more convenient for this action, keeping in mind the foregoing inquiries.

Plaintiff is ordered to file its Response to this Order no later than **June 17, 2026.** Defendants may file their Response(s) no later than **June 24, 2026**. Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

IT IS SO ORDERED.