UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1938 PA (Ex) | | Date | June 6, 2026 |
|---|---|---|---|---|
| Title | Steven Patterson v. UVA Health, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

Before the Court is an Unopposed Motion to Stay All Proceedings Pending Ruling on Petition for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion to Stay") filed by plaintiff Steven Patterson ("Plaintiff"). (Docket No. 27.) Plaintiff initiated this putative class action suit against defendants University of Virginia (erroneously sued as UVA Health) ("UVA"), Epic Systems Corporation ("Epic"), Health Gorilla ("Gorilla"), and Mammoth Path Solution, LLC ("Mammoth") on February 23, 2026. On May 29, 2026, Gorilla filed a Motion for Transfer and Coordination or Consolidation with the Judicial Panel on Multidistrict Litigation ("JPML"). (Docket No. 27-1.) Plaintiff seeks to stay this action pending the JPML's resolution of that motion.

"A district court has discretionary power to stay proceedings in its own court under Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) (internal quotation marks and alterations omitted). Although the "totality of the circumstances" controls, district courts generally consider the following three factors to determine whether a stay pending IPR proceedings is appropriate: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013).

Here, the Court concludes that a stay is not warranted. Based on the record before the Court, it is unclear when the JPML will rule on the Motion to Transfer, and it is unclear if the JPML is likely to order coordination or consolidation of the actions. Thus, Plaintiff's arguments concerning potential judicial efficiency if the actions are coordinated or consolidated do not rise

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1938 PA (Ex) | Date | June 6, 2026 |
|---|---|---|---|
| Title | Steven Patterson v. UVA Health, et al. | | |

above the level of mere speculation.  Further, Plaintiff has not identified sufficient prejudice to warrant a stay; at most, Plaintiff describes the ordinary burdens of litigating his case.  Accordingly, the Court denies Plaintiff's Motion to Stay.

Epic and UVA have each filed a Motion to Dismiss Plaintiff's Complaint, noticed for hearing on June 29, 2026.  (Docket Nos. 16, 24.)  Plaintiff's Opposition(s) to the Motions to Dismiss were due no later than June 8, 2026.  However, Plaintiff appears to have filed the Motion to Stay in lieu of his Opposition(s).  Accordingly, the Court hereby orders as follows: Plaintiff's Opposition(s) to the Motions to Dismiss shall be filed no later than June 12, 2026.  Epic and UVA's replies, if any, shall be filed no later than June 22, 2026.

IT IS SO ORDERED.