Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Mark T. Freeman, Esq. (S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:   (510) 891-9800
Facsimile:   (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: mtf@colevannote.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STEVEN PATTERSON individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>UVA HEALTH, EPIC SYSTEMS CORPORATION, HEALTH GORILLA, AND MAMMOTH PATH SOLUTION, LLC,<br><br>Defendants. | **Case No. 2:26-cv-01938-PA-E**<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiff Steven Patterson hereby responds to the questions raised by the Court in its June 9, 2026, Order to Show (ECF No. 28) as follows:

1. **Whether this action could have been brought in the Western District of Virginia or the Southern District of Florida;**

Plaintiff contends that the action could not have been brought in either of these forums because Plaintiff alleges that the unauthorized access perpetuated by Defendant Mammoth Path Solution, LLC occurred in this Judicial District. Thus, this forum is where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

**2. Whether venue is appropriate in Western District of Virginia or the Southern District of Florida;**

Plaintiff respectfully contends venue is not appropriate in the Western District of Virginia or the Southern District of Florida.[1] Plaintiff alleges that the unauthorized access perpetuated by Defendant Mammoth Path Solution, LLC occurred in this Judicial District. Thus, this forum is where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

**3. What contacts, if any, each of the parties has to the Central District of California, the Western District of Virginia, or the Southern District of Florida;**

To the best of Plaintiff's knowledge, Plaintiff summarizes the parties' contacts with the various forums as follows:

Plaintiff Steven Patterson

*Central District of California:* Plaintiff's contacts are based upon the occurrence of the incident in this Judicial District.

*Western District of Virginia:* Plaintiff resides in this Judicial District.

*Southern District of Florida:* Plaintiff has no direct contacts with this Judicial District.

Defendant UVA Health

*Central District of California:* Plaintiff's proposed First Amended Complaint (ECF No. 30-1, Ex. A, "FAC") describes Defendant UVA Health's contacts with this Judicial District as follows: "Defendant UVA has purposefully availed itself of California by, among other things, participating in the Care Everywhere exchange in California, including permitting California healthcare providers to access Representative Plaintiff's and Class Members' Private Information. More generally, Defendant UVA maintains a constant presence in California by recruiting at

---

[1] For purposes of this OSC Response, Plaintiff respectfully contends that the pending MDL proceedings should have no bearing on the Court's independent analysis regarding jurisdiction.

California schools and sponsoring/maintaining local "clubs" of UVA alumni, including in this Judicial District." FAC ¶ 33.

Defendant Epic Systems Corporation Health ("Epic")

*Central District of California:* Plaintiff's proposed FAC describes Defendant Epic's contacts with this Judicial District as follows: "Defendant Epic has further consented to and confirmed the propriety of this forum by affirmatively filing suit against Health Gorilla and Mammoth in this District. *See Epic Systems Corp., et al. v. Health Gorilla, Inc., et al.*, No. 2:26-cv-00321 (C.D. Cal.). That action involves the same Defendants, the same data-sharing relationships, and the same underlying conduct that forms the basis of Plaintiff's claims here. Having voluntarily invoked the jurisdiction of the Central District of California to litigate claims arising from those very relationships and transactions, Defendant Epic is in no position to contend that this Court is an improper forum for Plaintiff to do the same. Defendant Epic has also purposefully availed itself to California by engaging in business relationships with various California healthcare providers." FAC ¶ 32. Epic's Complaint against Health Gorilla also states that Epic provides services to customers across the globe, including California." (ECF No. 24-1, ¶ 26).

*Western District of Virginia:* Plaintiff is not aware of any direct contacts that Defendant Epic has with this Judicial District.

*Southern District of Florida:* Plaintiff is not aware of any direct contacts that Defendant Epic has with this Judicial District.

Defendant Health Gorilla

*Central District of California:* Plaintiff's proposed FAC describes Defendant Health Gorilla's contacts with this Judicial District as follows: "Defendant Health Gorilla has purposefully availed itself of California by entering into business relationships with California entities such as Defendant Mammoth and, for a time, maintaining a physical location in California." FAC ¶ 34.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
Case No. 2:26-cv-01938-PA-E

*Western District of Virginia:* Plaintiff is not aware of any direct contacts that Defendant Epic has with this Judicial District.

*Southern District of Florida:* Defendant Health Gorilla is headquartered in this Judicial District.

Defendant Mammoth Path Solution, LLC ("Mammoth")

*Central District of California:* Defendant Mammoth is headquartered in this Judicial District and allegedly performed the improper access of Plaintiff's medical records in California. FAC ¶ 24.

*Western District of Virginia:* Plaintiff is not aware of any direct contacts that Defendant Mammoth has with this Judicial District.

*Southern District of Florida:* Defendant Mammoth has a business relationship with Florida-based Defendant Gorilla Health.

**4. What connection Plaintiff's causes of action have to the Central District of California, the Western District of Virginia, or the Southern District of Florida;**

*Central District of California:* Defendant Mammoth allegedly performed the improper access of Plaintiff's medical records in California. FAC ¶ 24.

*Western District of Virginia:* To the extent Defendant UVA Health's negligence was a substantial factor in causing Plaintiff's injuries, UVA Health's actions or omissions likely occurred in this Judicial District.

*Southern District of Florida:* To the extent Defendant Health Gorilla's negligence was a substantial factor in causing Plaintiff's injuries, Health Gorilla's actions or omissions likely occurred in this Judicial District.

**5. Which witnesses are expected to be called and where they reside;**

At this early stage of the case, Plaintiff lacks information about the specific witnesses to be called and where they reside. The parties have not yet engaged in Federal Rules of Civil Procedure Rule 26(a) initial disclosures.

Notwithstanding the above, Plaintiff anticipates calling: (1) Plaintiff, who resides in Virginia and (2) PMKs from each Defendant who are familiar with the incident, the technical issues regarding the operations of the health care information exchange, and related issues. Plaintiff does not know where these potential witnesses reside. Plaintiff believes that certain key witnesses, especially those affiliated with Defendant Mammoth, reside in California.

**6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the Western District of Virginia or the Southern District of Florida;**

Plaintiff would follow the process described in Federal Rules of Civil Procedure Rule 45 regardless of the forum.

**7. The ease of access to sources of proof in each of the forums;**

Plaintiff is not aware of any material differences between the forums regarding ease of access to sources of proof.

**8. The expected difference in the cost of litigation in the Central District of California as compared to the Western District of Virginia or the Southern District of Florida; and**

As a practical matter, Plaintiff would seek to minimize costs by working proactively with counsel for Defendants on issues such as remote appearances, Zoom depositions, etc. To the extent travel to Virginia and/or Florida is required, Counsel for Plaintiff, who is based in California, will likely incur significant travel costs for airfare, lodging, etc.

**9. Whether there are any alternative forums, other than the Central District of California, the Western District of Virginia, or the Southern District of Florida, that would be more convenient for this action, keeping in mind the foregoing inquiries.**

Plaintiff is not aware of any such alternative forum.

Dated: June 17, 2026

Respectfully submitted,

*/s/ Mark T. Freeman*
Mark T. Freeman, Esq. (CA S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:(510) 891-9800
Facsimile: (510) 891-7030
Email:      mtf@colevannote.com

Attorneys for Representative Plaintiff and
the Plaintiff Class

## CERTIFICATE OF SERVICE

I hereby certify that, on June 17, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Mark T. Freeman*
Mark T. Freeman