Jason J. Kim (State Bar No. 221476)
kimj@Hunton.com
Hakop Stepanyan (State Bar No. 296782)
hstepanyan@Hunton.com
Paige Van Oosten (State Bar No. 367096)
pvanoosten@Hunton.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Defendant
THE RECTOR AND VISITORS
OF THE UNIVERSITY OF VIRGINIA,
erroneously sued as UVA HEALTH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN PATTERSON,<br><br>      Plaintiff,<br><br>    v.<br><br>UVA HEALTH, EPIC SYSTEMS CORPORATION, HEALTH GORILLA, AND MAMMOTH PATH SOLUTION, LLC,<br><br>      Defendants. | CASE NO.:  2:26-cv-01938-PA-E<br><br>**THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING PROPER VENUE** |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Defendant The Rector and Visitors of the University of Virginia, erroneously sued as "UVA Health" ("UVA"), hereby responds to the Court's June 9, 2026 order to show cause regarding why venue is proper in the Central District of California and why this action should not be dismissed or, in the alternative, transferred to either the Southern District of Florida, the Western District of Virginia, or another forum identified by the parties, for the convenience of the parties and witnesses, and in the interests of justice (ECF 28).

### A.    Venue Is Not Proper In The Central District Of California

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The Central District of California is not an appropriate venue under any of these conditions.

*First*, it is not the case that all defendants are California residents.  A defendant entity resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction."  28 U.S.C. § 1391(c)(2).  At a minimum, UVA is not subject to personal jurisdiction in California.  *See* UVA's Motion to dismiss [ECF 16] at 8-12.  General jurisdiction is lacking because UVA's place of incorporation and principal place of business is Virginia.  Va. Code §23.1-2200; Declaration of Krista Barnes ("Barnes Decl.") [ECF 16-1] ¶ 3.  And specific jurisdiction is lacking because Plaintiff has not and cannot show that UVA purposefully availed itself of the forum or purposefully directed any activities at California, much less that Plaintiff's claims arise out of or relate to UVA's forum contacts.  The facts are plain and foreclose any possibility of jurisdiction in California:

1

THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S RESPONSE TO ORDER TO
SHOW CAUSE REGARDING PROPER VENUE

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

- UVA is located in Virginia.

- Plaintiff lives in Virginia.

- Plaintiff sought medical treatment from UVA in Virginia.

- UVA housed Plaintiff's medical records in Virginia.

- At most, UVA contracted with Defendant Epic Systems Corporation ("Epic"), a *Wisconsin* company, to participate in the Carequality Framework to allow for the exchange of healthcare information. And that network operates on a nationwide basis that is not targeted to California specifically.

Compl. ¶ 12; Barnes Decl. ¶¶ 3-5. Thus, venue in this District is not appropriate under 28 U.S.C. § 1391(b)(1).

*Second*, a substantial part of the events or omissions giving rise to the claims did not occur in this District. As already recognized by the Court, "the Complaint fails to describe what events or omissions giving rise to Plaintiff's claims occurred in California." ECF 28 at 2. Thus, venue in this District is not appropriate under 28 U.S.C. § 1391(b)(2).

*Third*, there is a district in which this action could have been brought, at least with regard to Plaintif's claims against UVA. As a substantial part of the alleged events or omissions giving rise to the claims against UVA would have occurred in Charlottesville, Virginia, Plaintiff could have filed his claims against UVA in the Western District of Virginia. Thus, venue in District is not appropriate under 28 U.S.C. § 1391(b)(3).

**B.    This Case Should Be Dismissed Rather Than Transferred**

This case should be dismissed rather than transferred to another judicial district pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406. Under both transfer pathways, this Court can only transfer this case to a court in which it could have been brought. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of

THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING PROPER VENUE

justice, a district court may transfer any civil action to any other district or division *where it might have been brought* …") (emphasis added);[1] 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division *in which it could have been brought*.") (emphasis added). "To effect a transfer, the transferee court must have subject matter jurisdiction and be a proper venue for the action" and "defendants must be subject to personal jurisdiction in the district, and be amenable to service of process there." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007) (citing *A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 503 F.2d 384, 386-88 (9th Cir. 1974)); *see also Pers. Staffing Grp., LLC v. Protective Ins. Co.*, at *1 (C.D. Cal. June 29, 2021) ("[T]he transferee court is one where the action might have been brought if subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought.").

Here, there is no transferee court that has personal jurisdiction over each of the defendants. As the acknowledged by the Court, "Plaintiff is a citizen and resident of Virginia; UVA is an academic healthcare center associated with the University of Virginia, which is located in Charlottesville, Virginia; Epic is a corporation with principal place of business in Wisconsin that develops software tools for the healthcare industry; Gorilla is a software company with principal place of business in Florida; and Mammoth is a healthcare technology limited liability company with principal place of business in California." ECF 28 at 1 (citing Compl. ¶¶ 12, 21-24). Thus, this case cannot be transferred to another judicial district, and it should instead be dismissed.

---

[1] While 28 U.S.C. § 1404(a) alternatively permits a case to be transferred to "any district or division to which all parties have consented," UVA does not consent to another venue.

3

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**C.**    **Response To The Court's Questions**

    **1.** **Whether this action could have been brought in the Western District of Virginia or the Southern District of Florida**

This case likely could not have been brought in the Western District of Virginia because that court likely would not have personal jurisdiction over at least Health Gorilla or Mammoth.  Likewise, this case could not have been brought in the Southern District of Florida because, at a minimum, that court would not have personal jurisdiction over UVA.

    **2.** **Whether venue is appropriate in Western District of Virginia or the Southern District of Florida**

While venue may be appropriate in the Western District of Virginia with regard to Plaintiff's claims against UVA, this case cannot be transferred to the Western District of Virginia for the reasons set forth above.

    **3.** **What contacts, if any, each of the parties has to the Central District of California, the Western District of Virginia, or the Southern District of Florida**

UVA does not have any contacts in the Central District of California or anywhere else in California related to this lawsuit.  For example, UVA does not have any offices, campus facilities, or medical facilities in California.  Barnes Decl. ¶ 3. UVA's main campus (grounds) and the Medical Center are located in Charlottesville, Virginia, which is in the Western District of Virginia.  *Id.*  UVA treated Plaintiff in Charlottesville, and maintains patient records on a secure database located in Charlottesville.  *Id.* ¶ 4.  UVA has no contacts with the Southern District of Florida.

/ / /

/ / /

/ / /

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING PROPER VENUE

**4. What connection Plaintiff's causes of action have to the Central District of 2California, the Western District of Virginia, or the Southern District of Florida**

Plaintiff's causes of action against UVA have no connection to the Central District of California or the Southern District of Florida.  With regard to the Western District of Virginia, UVA's main campus (grounds) and the Medical Center are located in Charlottesville, Virginia, UVA treated Plaintiff in Charlottesville, and maintains patient records on a secure database located in Charlottesville.  Barnes Decl. ¶¶ 3, 4.

**5. Which witnesses are expected to be called and where they reside**

As of now, UVA expects to call Plaintiff and a representative of UVA.  Plaintiff resides in Virginia and UVA's representative likely also would reside in Virginia.

**6. The availability of compulsory process to compel attendance unwilling non-party witnesses in the Central District of California as compared to the Western District of Virginia or the Southern District of Florida**

Pursuant to FRCP 45(c)(1), a witness can be compelled to testify only as follows: "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … is commanded to attend a trial and would not incur substantial expense."  As of now, UVA is not aware of any non-party witnesses.

**7. The ease of access to sources of proof in each of the forums**

UVA is not aware of any sources of proof in the Central District of California or the Southern District of Florida.  UVA's witnesses likely would reside in the Western District of Virginia.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING PROPER VENUE

**8. The expected difference in the cost of litigation in the Central District of California as compared to the Western District of Virginia or the Southern District of Florida**

It would be more costly for UVA to litigate in the Central District of California or the Southern District of Florida as compared to the Western District of Virginia because its representatives likely would be required to travel from Virginia.

**9. Whether there are any alternative forums, other than the Central District of California, the Western District of Virginia, or the Southern District of Florida, that would be more convenient for this action, keeping in mind the foregoing inquiries**

UVA is not aware of any alternative forums that would be more convenient for this action.

Dated:  June 24, 2026

HUNTON ANDREWS KURTH LLP

By: _____ /s/ Jason J. Kim _____
Jason J. Kim
Hakop Stepanyan
Paige Van Oosten
Attorneys for Defendant
THE RECTOR AND VISITORS OF
THE UNIVERSITY OF VIRGINIA,
erroneously sued as UVA HEALTH

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

6

THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING PROPER VENUE

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant The Rector and Visitors of the University of Virginia, certifies that this brief contains 1,666 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [date].

Dated:  June 24, 2026                               HUNTON ANDREWS KURTH LLP


                                                    By:  _____/s/ Jason J. Kim_____
                                                          Jason J. Kim
                                                          Hakop Stepanyan
                                                          Paige Van Oosten
                                                    Attorneys for Defendant
                                                    THE RECTOR AND VISITORS OF
                                                    THE UNIVERSITY OF VIRGINIA,
                                                    erroneously sued as "UVA
                                                    HEALTH"

THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING PROPER VENUE