John J. Atallah (CA Bar No. 294116)
Foley & Lardner LLP
555 S Flower St
Suite 3300
Los Angeles, CA  90071-2411
Telephone:  213.972.4500
Facsimile:  213.486.0065
Email:  jatallah@foley.com
Attorney for Defendant
EPIC SYSTEMS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PATTERSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UVA HEALTH, EPIC SYSTEMS CORPORATION, HEALTH GORILLA, AND MAMMOTH PATH SOLUTION, LLC,<br><br>Defendants. | Case No. 2:26-cv-01938-PA-E<br><br>**DEFENDANT EPIC SYSTEMS CORPORATION'S RESPONSE TO ORDER TO SHOW CAUSE** |

Pursuant to the Court's June 9, 2026, Order to Show Cause ("Show Cause Order") (Dkt. 28), Defendant Epic Systems Corporation ("Epic") hereby submits its response to the Show Cause Order and to Plaintiff's Response to the Show Cause Order (Dkt. 32).[1]

---

[1] Though Epic includes parallel cites to the Proposed FAC, Epic reserves all rights with respect to Plaintiff's improper invocation of the Proposed FAC. Plaintiff did not file an amended complaint as of right under Federal Rule of Civil Procedure

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 1 -

EPIC'S RESPONSE TO ORDER
TO SHOW CAUSE
2:26-CV-01938-PA-E

Epic addresses the Court's specific questions in the Show Cause Order as follows:

1. *Whether this action could have been brought in the Western District of Virginia or the Southern District of Florida.*

Absent consent by all Defendants, this action could *not* have been brought in the federal courts for the Western District of Virginia or the Southern District of Florida under 28 U.S.C. § 1404(a). Though Defendant UVA[2] is at home in Virginia, and Defendant Health Gorilla is at home in Florida (Dkt. 1 ¶ 22-23, Dkt. 30-1 ¶ 13, 19, 45-46), personal jurisdiction is lacking at least over Defendant Epic in both of those judicial districts for the same reasons discussed in Epic's Motion to Dismiss. (Dkt. 24 at 8-12.) Epic is incorporated in Wisconsin with its principal place of business in Verona, Wisconsin. (Dkt. 24-3, Decl. of M. Snyder, ¶¶ 4–5.) General jurisdiction is therefore lacking over Epic in both the Western District of Virginia and the Southern District of Florida. (*See* Dkt. 24 at 9.) Specific jurisdiction would likewise be lacking because Plaintiff has not tied his alleged injury to any action by Epic in either of these two jurisdictions. (*Cf. id.* at 10-12.)

2. *Whether venue is appropriate in Western District of Virginia or the Southern District of Florida.*

Venue would be proper in either district under 28 U.S.C. § 1391(b)(3) because at least one defendant is subject to personal jurisdiction in either of these two jurisdictions. On information and belief, defendant UVA is at home in Virginia, and Defendant Health Gorilla is at home in Florida. (Dkt. 1 ¶ 22-23, Dkt. 30-1 ¶ 13, 19, 45-46; *see also* Dkt. 28 at 1.) To the extent the Court is inquiring as to whether the

---

15(a)(1) nor file a noticed motion for leave to amend under Rule 15(a)(2) or Local Rule 15-1. Instead, Plaintiff simply attached the Proposed FAC as an exhibit to a brief in opposition to Defendant UVA's motion to dismiss. (Dkt. 30-1.)

[2] For the defendant erroneously sued as "UVA Health," Epic instead references it as "UVA," consistent with the Court's Order. (Dkt. 28 at 1.)

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 2 -

EPIC'S RESPONSE TO ORDER
TO SHOW CAUSE
2:26-CV-01938-PA-E

case could be transferred to one of these districts based on 28 U.S.C. § 1404, that is not permitted based on the response to question 1 above. However, with respect to what is in fact most convenient for the parties as a whole, Epic refers the Court to its responses to questions 5 through 8 below.

3. *What contacts, if any, each of the parties has to the Central District of California, the Western District of Virginia, or the Southern District of Florida.*

Epic is incorporated in Wisconsin and has its principal place of business in Verona, Wisconsin. (Dkt. 24-3, Decl. of M. Snyder, ¶¶ 4–5.) On a general level, Epic has contacts and conducts business with various entities in each of the three jurisdictions. Critically, though, Epic has no relevant contacts at all with either the Central District of California or the Southern District of Florida relative to Plaintiff's claims. With respect to the Western District of Virginia, Plaintiff alleges that he receives medical care through the University of Virginia. Epic licenses software and provides certain services related to the provision of that software to the University of Virginia, but Plaintiff has not explained how his alleged injuries are tied to any contacts between Epic and Virginia.

Plaintiff asserts that, because Epic previously sued Health Gorilla in this District, Epic somehow "consented to and confirmed the propriety of this forum." (Dkt. 32 at 3.) That is incorrect. Courts have explained in the context of personal jurisdiction questions that "a party's initiation or defense of a legal action in [a state] does not provide personal jurisdiction over that party in a separate suit ... even where ... the later suit arises from subject matter that is similar to the earlier suit." *Miller v. Peter Thomas Roth, LLC*, No. C 19-00698 WHA, 2019 WL 1507767, at \*3 (N.D. Cal. Apr. 5, 2019) (alteration in original) (citation omitted). Epic's initiation of legal action in California thus "does not provide personal jurisdiction over [Epic] in a separate suit … even where … the later suit arises from" similar subject matter. *See id.*

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 3 -

EPIC'S RESPONSE TO ORDER
TO SHOW CAUSE
2:26-CV-01938-PA-E

4. *What connection Plaintiff's causes of action have to the Central District of California, the Western District of Virginia, or the Southern District of Florida.*

Addressing this question is challenging because Plaintiff continually engages in group-pleading, indiscriminately lumping "Defendants" together in the Complaint. (*See, e.g.,* Dkt. 1 ¶ 16, Dkt. 30-1 ¶ 39 (alleging that "Plaintiff received a letter from Defendants"—as a group—informing him of the alleged data breach)).

The Complaint notes that Defendant Mammoth Path Solution has an alleged "principal place of business in Lake Forest, California." (Dkt. 1 ¶ 24, *see also* Dkt. 30-1 ¶ 47.) Upon information and belief, Health Gorilla has offices in the state of California.

With respect to the Western District of Virginia, Plaintiff allegedly resides within that District and further alleges that he was a current or former patient of the University of Virginia. (*See* Dkt. 30-1 ¶ 14 ("Plaintiff and Class Members are current and former patients . . . of Defendant UVA.").) On information and belief, the University of Virginia's operations are headquartered within that District. (Dkt. 28 at 1.)

With respect to the Southern District of Florida, Health Gorilla is headquartered within that District, on information and belief. (*Id.*)

5. *Which witnesses are expected to be called and where they reside.*

At this early stage in the case, Epic does not know all party and third-party witnesses it expects to call, nor any witnesses that any other party expects to call. However, Epic's policy is that its employees live within forty-five minutes of the Epic campus located in Verona, Wisconsin. (Ex. A, Declaration of Jennifer Peterson, ¶ 2.) Accordingly, Epic expects that employees determined to have relevant knowledge will be located in Wisconsin. Epic further refers the Court to its response to question 6 below.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 4 -

EPIC'S RESPONSE TO ORDER
TO SHOW CAUSE
2:26-CV-01938-PA-E

6. *The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the Western District of Virginia or the Southern District of Florida.*

At this time, Epic believes there are persons with relevant knowledge spread across multiple states and judicial districts. Some potential witnesses are located in California, Florida, and Virginia. However, Epic also expects that some witnesses will be located far enough outside the Central District of California, Western District of Virginia, and Southern District of Florida (*i.e.*, more than 100 miles from these judicial districts), such that compulsory process may not be available to ensure their appearances.

7. *The ease of access to sources of proof in each of the forums.*

Epic anticipates that the main sources of proof will relate to relevant documentary evidence of: (a) Plaintiff; (b) Health Gorilla; (c) Mammoth Path Solution; (d) UVA; and (e) Epic. Thus, access to sources of proof is likely to be spread around the various forums where these entities and individuals are located.

8. *The expected difference in the cost of litigation in the Central District of California as compared to the Western District of Virginia or the Southern District of Florida.*

Litigating this matter in this District is the costliest option to the parties collectively. Only one party is located within this District or anywhere near it: Mammoth Path Solution. All four other parties are located thousands of miles and at least two time zones away from this District. Thus, to travel to attend proceedings in this District, four of the five parties would incur significant costs.

In contrast, all parties except Mammoth Path Solution are located significantly closer to the Western District of Virginia or the Southern District of Florida than they are to this District. Accordingly, those districts would be more cost-effective venues for the parties.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

EPIC'S RESPONSE TO ORDER
TO SHOW CAUSE
2:26-CV-01938-PA-E

9. *Whether there are any alternative forums, other than the Central District of California, the Western District of Virginia, or the Southern District of Florida, that would be more convenient for this action, keeping in mind the foregoing inquiries.*

Epic does not believe any alternative forum would be more convenient for this action for the parties as a whole.

## CONCLUSION

Given the locations of the parties, records, and likely witnesses, Epic believes that either the Southern District of Florida or the Western District of Virginia would be a more convenient forum than the Central District of California.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 6 -

EPIC'S RESPONSE TO ORDER
TO SHOW CAUSE
2:26-CV-01938-PA-E

Dated:  June 24, 2026

**FOLEY & LARDNER LLP**

*/s/ John J. Atallah*
John J. Atallah (CA Bar No. 294116)
Foley & Lardner LLP
555 S Flower St
Suite 3300
Los Angeles, CA  90071-2411
Phone:  213.972.4500
Fax:  213.486.0065
Email:  jatallah@foley.com

Michael D. Leffel (WI Bar No. 1032238) (*pro hac vice* application forthcoming)
Eric J. Hatchell (WI Bar No. 1082542) (*pro hac vice* application forthcoming)
Amber R. Quinlan Willette (WI Bar No. 1144563) (*pro hac vice* application forthcoming)
Foley & Lardner LLP
150 E. Gilman Street, Suite 5000
Madison, WI 53703-1482
(P) 608.257.5035
(F) 608.258.4258
ehatchell@foley.com
mleffel@foley.com
amber.quinlanwillette@foley.com

*Attorneys for Defendant Epic Systems Corporation*

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
MADISON

- 7 -

EPIC'S RESPONSE TO ORDER
TO SHOW CAUSE
2:26-CV-01938-PA-E